[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11010
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00069-LMM-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEEFATINIE TIROSH COLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Georgia

_____

(October 1, 2020)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Leefatinie Cole appeals his conviction for failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a).  We affirm.

On appeal, Mr. Cole argues that Congress unconstitutionally delegated authority to the Attorney General to decide whether SORNA'S registration requirements apply to individuals like himself who were convicted of sex offenses before SORNA's enactment in 2006.  *See* 34 U.S.C. § 20913(d).  That argument is foreclosed by the Supreme Court's decision in *Gundy v. United States*, 139 S. Ct. 2116 (2019), which rejected an identical contention.  *See id*.  at 2121 (plurality opinion); *id*. at 2130-31 (Alito, J., concurring in the judgment).  It is also foreclosed by our decision in *United States v. Ambert*, 561 F.3d 1202, 1213-14 (11th Cir. 2009).

Given that four Justices in *Gundy* expressed doubt over the Court's current non-delegation jurisprudence, Mr. Cole seeks to preserve his constitutional argument for future review.  We understand, but are bound by *Gundy* and *Ambert*.

**AFFIRMED.**